RACHEL E. K. LOWE (SBN 246361)
rachel.lowe@alston.com
GILLIAN H. CLOW (SBN 298966)
gillian.clow@alston.com
OMAR A. MORQUECHO (SBN 333647)
omar.morquecho@alston.com
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100

Attorneys for Defendant
REDFIN CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO MATA, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>REDFIN CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 24-cv-1094-L-BJC<br><br>**DEFENDANT REDFIN CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*[Filed concurrently with Memorandum of Points and Authorities; and Declarations of Eugenia Nemenman and Rachel E. K. Lowe]*<br><br>**DATE: November 12, 2024**<br>**TIME: 10:30 a.m.**<br><br>**PER LOCAL RULES, NO ORAL ARGUMENT UNLESS REQUIRED BY THE COURT** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 12, 2024 at 10:30 a.m., or as soon thereafter as the matter may be heard before the Honorable M. James Lorenz in Courtroom 5B of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, California 92101, Defendant Redfin Corporation ("Redfin") will and hereby does move to compel the claims of Plaintiff Guillermo Mata to individual arbitration and to stay this action pending the outcome of arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. In the alternative, Redfin moves to dismiss the First Amended Complaint ("FAC") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Redfin moves to compel arbitration because Plaintiff, as an account holder, agreed to individual arbitration pursuant to the Redfin Terms of Use. Specifically, the applicable arbitration agreement between Redfin and account holders requires that any dispute, controversy, or claim between Plaintiff and Redfin be resolved solely by binding arbitration. Plaintiff's claims fall squarely within the scope of the arbitration agreement because the claims are between him and Redfin over his use of Redfin's online website. The arbitration agreement between Plaintiff and Redfin, which contains a class waiver, is also valid and enforceable under California law. And, any dispute over arbitrability is delegated to the arbitrator. Therefore, the Court should stay the action and compel Plaintiff to submit his claims to individual arbitration with the American Arbitration Association.

In the alternative, Redfin moves to dismiss the FAC. Plaintiff lacks standing to proceed. Plaintiff has failed to plead any concrete injury. Beyond that, Plaintiff alleges he signed up for a Redfin account before 2018, but Redfin's records show there is no Guillermo Mata who is a Redfin account holder who subscribed before February 2018 and logged in at any time after October 2018. His claim, if any, is time-barred. Further, Plaintiff fails to state either of his causes of action for violation of the

Videotape Privacy Protection Act (VPPA) or the California Invasion of Privacy Action (CIPA) based on the alleged presence of the Meta Pixel on the website Redfin.com. First, Plaintiff fails to state a claim under VPPA because: (1) he is not a "consumer" protected by the VPPA as he has not alleged he is a subscriber of goods or services from Redfin; (2) there is no exclusive video content available to Redfin account holders and any material viewed on Redfin.com is not limited to account holders; (3) Redfin is not a "videotape service provider" under the VPPA; and (4) Plaintiff does not allege that Redfin disclosed any specific video material he viewed on Redfin's website. Plaintiff's CIPA claim fails because (1) he does not allege that the "contents" of any communications were improperly disclosed and (2) he does not allege facts sufficient to state a claim that Redfin has aided and abetted any third-party's wiretapping.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Eugenia Nemenman and Rachel E. K. Lowe, all other pleadings and papers filed in this action, oral argument of counsel, and any other matters that may come before the Court.

Dated: October 7, 2024

RACHEL E. K. LOWE
GILLIAN H. CLOW
OMAR A. MORQUECHO

**ALSTON & BIRD LLP**

By: */s/Rachel E. K. Lowe*
Rachel E. K. Lowe
Attorneys for Defendant
Redfin Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all attorneys of record.

DATED: October 7, 2024

*/s/ Rachel E. K. Lowe*
Rachel E. K. Lowe